**KURZ–KASCH, INC., Plaintiff,**

v.

**DEPARTMENT OF DEFENSE, Defendant.**

No. C–3–86–316.

United States District Court, S.D. Ohio, W.D.

Jan. 27, 1987.

Charles J. Faruki, Smith & Schnacke, Dayton, Ohio, for plaintiff.

Elizabeth Baringhaus Mattingly, Dale Ann Goldberg, Asst. U.S. Attys., Dayton, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the parties' cross Motions for Summary Judgment (doc. nos. 2 and 9). Plaintiff has brought this civil action pursuant to 5 U.S. C. § 552(a)(4)(B) to compel four different agencies under the United States Department of Defense to make available certain records for which requests have been made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant has denied these requests in whole or in part. Plaintiff has exhausted its administrative remedies with regard to each request in that its appeal of each decision has been denied or the time for response to each appeal has expired. This Court has heard argument from both sides and the matter is now ripe for a de novo judicial review of the administrative determination to withhold the material requested by plaintiff.

Plaintiff contends that 1) defendant has not responded to plaintiff's FOIA requests as required by the Act, 2) defendant has failed to prove that the requested materials are within the statutory exemptions from disclosure, 3) a Vaughn Index is required in this case to enable the parties to argue and the Court to determine whether the claimed exemptions apply, 4) in camera inspection is necessary in this case, and 5) plaintiff is entitled to recover attorney's fees and litigation costs on the premise that it has substantially prevailed in this action. Defendant opposes each of plaintiff's contentions and maintains that there is no genu-

ine issue of any material fact as to whether plaintiff is entitled to have the requested material made available to it, and that defendant is entitled to judgment as matter of law.

■ The agency has the burden of justifying nondisclosure in FOIA actions, and must sustain that burden with detailed affidavits identifying the documents and explaining the applicability of the claimed statutory exemptions. *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Fed.R.Civ.P. 56(e) requires that the affidavits be based on personal knowledge, demonstrate the affiant's competency to testify to the matters stated, and set forth such facts as would be admissible in evidence. Title 28 U.S.C. § 1746 also permits unsworn declarations to be considered in all cases in which affidavits are required.

■ Reasonably detailed affidavits may be the sole basis for summary judgment if they describe the withheld information in a factual and non-conclusory manner, and if there is no contradictory evidence on the record and no evidence of agency bad faith. *Hayden v. National Security Agency,* 608 F.2d 1381, 1387 (D.C.Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed. 2d 790 (1980). Such affidavits are accorded substantial weight by the Courts. *Taylor v. Dept. of the Army,* 684 F.2d 99, 106–107 (D.C.Cir.1982).

■ Upon a careful review of the record and upon consideration of the positions advanced by both sides, the Court finds that there is no genuine issue of any material fact as to whether plaintiff is entitled to have the materials in question made available to it. The issues to be resolved are whether defendant properly relied on the claimed exemptions, and whether the manner in which and the extent to which defendant conducted its search of responsive documents were reasonable and adequate.

Defendant has submitted detailed affidavits and declarations which discuss the specific rationale underlying each exemption relied upon by the Government. The Court finds that the affidavits and declarations provide the necessary information to place the withheld material within the exemption categories. Further, the Court finds that defendant has met its burden of establishing the applicability of the statutory exemptions and that defendant was legally justified in withholding the material in question.

■ Defendant must also prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *National Cable Television Ass'n. v. F.C.C.,* 479 F.2d 183, 186 (D.C.Cir.1973). Defendant, therefore, is under a duty to conduct a reasonable search for any documents which are possibly responsive to plaintiff's requests. *Weisberg v. U.S. Dept. of Justice,* 705 F.2d 1344, 1351–52 (D.C.Cir.1983). As in sustaining its claims of exemptions, defendant may rely upon affidavits and declarations to prove the adequacy of its search. *Weisberg v. U.S. Dept. of Justice,* 705 F.2d 1344, 1351 (D.C.Cir.1983). Defendant has submitted affidavits that explain in reasonable detail the method and scope of the search process and the Court finds that the description is sufficient to demonstrate compliance with the obligations imposed by the statute. Additionally, there is no evidence that defendant acted in bad faith as disclosures were made as soon as practicable in response to plaintiff's requests.

■ Further, neither a Vaughn Index nor an in camera inspection are necessary in this case. The Vaughn Index, fashioned by the Court in *Vaughn,* may be a commonly used device in FOIA actions, however it is merely a technique utilized to assist the Court when necessary and should not be applied per se in every FOIA case. In light of the detailed descriptions already provided, the Court finds that a Vaughn Index is not required to review the defendant's decision not to disclose the material in question. The affidavits and declarations are not so deficient as to merit further inquiry into their veracity.

■ Also, a more detailed disclosure would require an in camera review to prevent undue disclosure. The Court finds that such review is an impracticable and onerous burden which may not only cripple this Court, but possibly a United States Magistrate and the Appellate Court. The Court finds that summary judgment is appropriate in this case without such review. Accordingly, a Vaughn Index and in camera review is inappropriate in this case.

In conclusion, the Court finds that there are no genuine issues as to any material fact and that defendant is entitled to judgment as a matter of law. Accordingly, plaintiff's Motion for Summary Judgment (doc. no. 2) is hereby DENIED as is plaintiff's Request for Attorney's Fees and Litigation Costs; and defendant's Motion for Summary Judgment (doc. no. 9) is hereby GRANTED.

IT IS SO ORDERED.